IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| CHARLES P., | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. CBD-18-2899 |
| | ) |
| ANDREW SAUL,[1] | ) |
| | ) |
|    Acting Commissioner, | ) |
|    Social Security Administration | ) |
| | ) |
|    Defendant. | ) |

## MEMORANDUM OPINION

Charles P. ("Plaintiff") brought this action under 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"). The Administrative Law Judge ("ALJ") approved Plaintiff's claim for a period of Supplemental Security Income ("SSI") beginning December 12, 2017. However, the ALJ denied Plaintiff's claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA") and SSI under Title XVI of the SSA from March 18, 2012 through December 11, 2017. Before the Court are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion"), ECF No. 16, and Defendant's Motion for Summary Judgment ("Commissioner's Motion"), ECF No. 17. The Court has reviewed the motions, related memoranda, and the applicable law. No hearing is deemed necessary. *See* Loc. R. 105.6 (D. Md.). For the reasons presented below, the Court hereby **DENIES** Plaintiff's Motion, **DENIES** Commissioner's

---

[1] When this proceeding began, Nancy Berryhill was the Acting Commissioner of the Social Security Administration. On June 17, 2019, Andrew Saul was sworn in as Commissioner and is therefore, automatically substituted as a party. *See* Fed. R. Civ. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

1

Motion, and **REMANDS** the ALJ's decision pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. A separate order will issue.

I.  **Procedural Background**

On August 28, 2014, Plaintiff filed for DIB and SSI under Titles II and XVI of the Social Security Act, alleging disability beginning March 18, 2012. R. 13, 15, 243. Plaintiff alleged disability due to multiple impairments, including arthritis, stomach problems, degenerative disc disease, and Sjogren's syndrome. R. 18, 85. Plaintiff's claims were initially denied on February 20, 2015, and upon reconsideration on May 14, 2015. R. 13. An administrative hearing was held on October 13, 2017. R. 30. On December 19, 2017, Plaintiff's claims for DIB and SSI from March 18, 2012 through December 11, 2017 were denied. R. 21–22; Pl.'s Mot. 2. Plaintiff sought review by the Appeals Council, which concluded on July 15, 2018, that there was no basis for granting the request for review. R. 1–6. Plaintiff subsequently filed an appeal with this Court. ECF No. 1.

II.  **Standard of Review**

On appeal, the Court has the power to affirm, modify, or reverse the decision of the ALJ "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2019). The Court must affirm the ALJ's decision if it is supported by substantial evidence and the ALJ applied the correct law. *Id.* ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."); *see also Russell v. Comm'r of Soc. Sec.*, 440 F. App'x 163, 164 (4th Cir. 2011) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)). "In other words, if the ALJ has done his or her job correctly and supported the decision reached with substantial evidence, this Court cannot overturn the decision, even if it would have reached a contrary result on the same evidence."

*Schoofield v. Barnhart*, 220 F. Supp. 2d 512, 515 (D. Md. 2002). Substantial evidence is "more than a mere scintilla." *Russell*, 440 F. App'x at 164. "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks omitted) ("It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence.").

The Court does not review the evidence presented below *de novo,* nor does the Court "determine the weight of the evidence" or "substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." *Hays*, 907 F.2d at 1456 (citations omitted); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) ("[T]he language of § [405(g)] precludes a *de novo* judicial proceeding and requires that the court uphold the Secretary's decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'"). The ALJ, not the Court, has the responsibility to make findings of fact and resolve evidentiary conflicts. *Hays*, 907 F.2d at 1456 (citations omitted). If the ALJ's factual finding, however, "was reached by means of an improper standard or misapplication of the law," then that finding is not binding on the Court. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citations omitted).

The Commissioner shall find a person legally disabled under Titles II and XVI if he is unable "to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a),

416.905(a) (2012). The Code of Federal Regulations outlines a five-step process that the Commissioner must follow to determine if a claimant meets this definition:

1) Determine whether the plaintiff is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i) (2012). If he is doing such activity, he is not disabled. If he is not doing such activity, proceed to step two.

2) Determine whether the plaintiff has a "severe medically determinable physical or mental impairment that meets the duration requirement in § [404.1509], or a combination of impairments that is severe and meets the duration requirement." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (2012). If he does not have such impairment or combination of impairments, he is not disabled. If he does meet these requirements, proceed to step three.

3) Determine whether the plaintiff has an impairment that "meets or equals one of [the C.F.R.'s] listings in appendix 1 of this subpart and meets the duration requirement." 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii) (2012). If he does have such impairment, he is disabled. If he does not, proceed to step four.

4) Determine whether the plaintiff retains the "residual functional capacity" ("RFC") to perform "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv) (2012). If he can perform such work, he is not disabled. If he cannot, proceed to step five.

5) Determine whether the plaintiff can perform other work, considering his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v) (2012). If he can perform other work, he is not disabled. If he cannot, he is disabled.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2012). Plaintiff has the burden to prove that he is disabled at steps one through four, and Commissioner has the burden to prove that Plaintiff is not disabled at step five. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992).

The RFC is an assessment that represents the most a claimant can still do despite any physical and mental limitations on a "regular and continuing basis." 20 C.F.R. §§ 404.1545(b)–(c), 416.945(b)–(c) (2012). In making this assessment, the ALJ "must consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'" *Thomas v.*

*Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (citing *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)); *See also* 20 C.F.R. §§ 404.1545(a), 416.945(a) (2012). The ALJ must present a "narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)," and must then "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *See Thomas*, 916 F.3d at 311; SSR 96-8p, 1996 WL 374184 at *7 (S.S.A. July 2, 1996). "Once the ALJ has completed the function-by-function analysis, the ALJ can make a finding as to the claimant's RFC." *Thomas*, 916 F.3d at 311. "Ultimately, it is the duty of the [ALJ] reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts of evidence." *Hays*, 907 F.2d at 1456 (citing *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)). "[R]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (citing *Cichocki v. Astrue*, 729 F.3d 172, 177 (2nd Cir. 2013)).

### III. Analysis

The ALJ evaluated Plaintiff's claim using the five-step sequential evaluation process. R. 15–21. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since March 18, 2012, the alleged onset date of Plaintiff's disability. R. 15. At step two, under 20 C.F.R. §§ 404.1520(c), 416.920(c) the ALJ determined that Plaintiff had the following severe impairments: "Sjorgen's syndrome, lumbar and cervical degenerative disc disease, and arthritis of the knees with cyst and chondral defect on the right." R. 15. The ALJ stated that the listed impairments "significantly limit the ability to perform basic work activities

5

as required by SSR 85-28." R. 16.  At step three, the ALJ determined Plaintiff "has not had an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." R. 16–17.  Before turning to step four, the ALJ determined that claimant had the RFC to perform a range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except he:

> Cannot push and/or pull with the right leg.  He also has the following nonexertional limitations: occasionally climb ramps and/or stairs; never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, or crawl; and only occasionally be exposed to extreme cold, extreme heat, wetness, humidity, vibrations, hazards, and respiratory irritants such as dust, odors, fumes, gases, and poorly ventilated areas.

R. 17.  At step four, the ALJ determined Plaintiff, since March 18, 2012, has been unable to perform any past relevant work.  R. 19.  At step five, with the benefit of a Vocational Expert ("VE"), the ALJ found that prior to December 12, 2017, Plaintiff could have performed other jobs existing in the national economy, including: small products assembler, finisher/trimmer, and shoe packer.  R. 20–21.  However, the ALJ found Plaintiff could not perform his past relevant work after December 12, 2017.  R. 21.

On appeal, Plaintiff argues that the Court should remand this matter for a new administrative hearing, alleging that the ALJ's RFC determination was not supported with substantial evidence because the ALJ failed to create a logical bridge between the medical evidence and his conclusions.  Pl.'s Mot. 9–17.

**A. The ALJ failed to provide a proper narrative discussion to support his determination of Plaintiff's RFC limitations.**

6

Generally, the Court will affirm the Social Security Administration's disability determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence. *Woods v. Berryhill*, 888 F.3d 686, 691 (4th Cir. 2018) (citing *Mascio*, 780 F.3d at 634). But when performing an RFC assessment, the ALJ must provide a narrative discussion with the RFC assessment describing how the evidence supports each conclusion, citing specific medical facts and nonmedical evidence. SSR 96-8p, 1996 WL 374184, at *7 (S.S.A). "In other words, the ALJ must *both* identify evidence that supports his conclusion *and* 'build an accurate logical bridge from [that] evidence to his conclusion.'" *Woods*, 888 F.3d at 694 (emphasis in original). A proper RFC analysis has three components: (1) evidence; (2) logical explanation; and (3) conclusion. *Thomas*, 916 F.3d at 311. The ALJ's logical explanation is just as important as the other two. *Id*. Without a proper narrative discussion from the ALJ, it is impossible for the Court to determine whether the decision was based on substantial evidence. *Geblaoui v. Berryhill*, No. CBD-17-1229, 2018 WL 3049223, at *3 (D. Md. June 20, 2018) (citing *Jones v. Astrue*, No. SKG-09-1683, 2011 WL 5833638, at *14 (D. Md. Nov. 18, 2011)).

In this case, the ALJ stated that Plaintiff has the RFC to perform "light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) . . . ." R. 17. Immediately after this conclusion, the ALJ provides a list of activities Plaintiff is limited from doing. R. 17. However, the ALJ fails to provide evidence to support the limitations described. For example, the ALJ states:

> He also has the following nonexertional limitations: occasionally climb ramps and/or stairs; never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, or crawl; and only occasionally be exposed to extreme cold, extreme heat, wetness, humidity, vibrations, hazards, and respiratory irritants such as dust, odors, fumes, gases, and poorly ventilated areas.

7

R. 17. However, at no point after these conclusions, even after stating substantial objective evidence, does the ALJ provide an analysis as to how the objective evidence supports the ALJ's conclusions. Each limitation listed is a conclusion that requires a narrative discussion. Without a proper narrative discussion from the ALJ, it is impossible for the Court to determine if the ALJ's decision on Plaintiff's RFC limitations is supported by substantial evidence.

The Court remands this matter with specific instructions to develop the record by providing a narrative discussion regarding the sources used to determine Plaintiff's RFC limitations and how they support his findings.

**B. The ALJ failed to create a logical bridge from the objective medical evidence to the ALJ's conclusion that Plaintiff has the RFC to perform light work.**

Plaintiff alleges that the ALJ's RFC discussion was not supported by substantial evidence. Pl.'s Mot. 9. Specifically, Plaintiff argues that the ALJ simply made a series of cursory statements with no meaningful analysis or articulation of how the ALJ weighed conflicting evidence. *Id.* at 10. Plaintiff also argues that the ALJ failed to consider all the relevant evidence and cherrypicked the facts that support a finding of nondisability. *Id.* at 12. Commissioner disagrees and asserts that the ALJ provided a proper narrative, building an accurate and logical bridge from the evidence to his conclusions because the ALJ considered each of Plaintiff's alleged impairments and thoroughly evaluated the evidence to determine whether the weight of the evidence supported Plaintiff's allegations. Mem. of Law in Supp. of Def.'s Mot. for Summ. J. ("Comm'r's Mem.") 5–13. For the reasons stated below, the Court agrees with Plaintiff and finds the ALJ's RFC discussion was not supported by substantial evidence.

"The ALJ has the obligation to consider *all* relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a

8

disability finding." *Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017) (emphasis added). The ALJ must also include "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Monroe*, 826 F.3d at 189 (citing *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)).

In this case, the ALJ's RFC analysis of the objective evidence appears in two paragraphs. R. 18. The ALJ first lists all of the objective medical evidence which the ALJ believes supports the claimant's allegations. R. 18. The ALJ's list includes medical evidence regarding Plaintiff's neck, low back, knees, hips, fingertips, and autoimmune disease. R. 18. Immediately following the evidence supporting Plaintiff's claims, the ALJ then concludes that the weight of the evidence "does not support a finding that the claimant is as limited as he has alleged." R. 18. The ALJ cites to certain portions of the medical record which describe Plaintiff's symptoms as "mild" or "normal." However, upon close review, the Court finds that the ALJ only cited facts that support his conclusion that Plaintiff was not disabled and ignored evidence that points to a disability finding. For instance, the ALJ cites to page 428 of the record[2] to show there was no record of gait abnormalities. R. 18. However, the record instead of supporting the ALJ's contention, shows that Plaintiff had tenderness in the lumbar spine. R. 428.

The ALJ also cites to page 637 of the record to again show that Plaintiff's gait was normal, R. 18, but fails to address the record evidence on the same page which shows Plaintiff has: an abnormal lumbar spine with tenderness to palpation, an abnormal right and left SC joints, abnormal right and left AC joints, abnormal right and left elbows, abnormal right and left wrists, abnormal right and left hands, and abnormal right and left ankles. R. 637. In addition, the ALJ

---

[2] In the ALJ's opinion, the ALJ cites to Exhibit 1F/27 and 4F/28, however the Court will use the citations to the record it received from the Social Security Administration following the filing of the petition for judicial review.

failed to address any issues regarding Plaintiff's arthritis which caused clicking, decreased range of motion and pain with movement. R. 492–93.

The ALJ's "cherrypicking" of facts is similar to *Lewis v. Berryhill*, where the ALJ cited to medical records containing "normal" findings without discussing the other notes on the page stating claimant was presented with "stabbing, burning throbbing and tingling, constant pain that increases with elevating the hand above the shoulder . . . ." 858 F.3d 858, 869–70 (4th Cir. 2017) (remanding the case back to the SSA partly because the ALJ failed to adequately explain the reasons for denying the claimant's benefits despite the presence of contradictory evidence, therefore, "precluding [the court's] ability to undertake the 'meaningful review' which [the court is] tasked on appeal."). Although the ALJ is not required to refer to every piece of evidence in his decision, *Thomas*, 916 F.3d at 312, the Court here cannot conduct meaningful review of the record when the evidence the ALJ cites to includes direct contradictions within the same record. The ALJ did not provide a discussion why he finds the evidence he cited more credible than the contradictory evidence.

The ALJ also fails to explain how he concluded that Plaintiff could actually perform the tasks required by light work such as "lifting . . . 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" or ". . . a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *See* 20 C.F.R. §§ 404.1567(b), 416.967(b). Therefore, the ALJ failed to build an "accurate and logical bridge" from the medical evidence he stated to his conclusion of Plaintiff's RFC. *See Woods*, 888 F.3d at 694 (holding that ALJ failed to build an accurate and logical bridge from the ALJ's evidence to his conclusion because the "ALJ never explained how he concluded – based

on [the] evidence – that [claimant] could actually perform the tasks required by 'medium work.'").

A necessary predicate to engaging in substantial evidence review requires the ALJ to discuss which evidence the ALJ found credible and why. *Monroe*, 826 F.3d at 189. The Court finds the ALJ cited extensively to portions of the record which support his conclusion, however, he did not discuss why his citations were credible and why other portions of the record were not credible. Without knowing why certain evidence is considered more credible than others, the Court has no way of evaluating the basis of the ALJ's decision, therefore, for this reason, and the reasons stated above, the proper course is to remand the case to the agency for additional explanation. *Radford*, 734 F.3d at 295; *See also Monroe*, 826 F.3d at 188. Specifically, the ALJ is instructed to develop the record by providing a narrative discussion as to how he concluded that Plaintiff can actually perform the tasks of light work. Further, the ALJ is instructed to provide a narrative discussion as to why the evidence used by the ALJ to support his conclusion is more credible than the contradictory evidence which supports a finding that Plaintiff is disabled.

**IV.     Conclusion**

Based on the foregoing, the Court hereby **DENIES** Plaintiff's Motion, **DENIES** Commissioner's Motion, and **REMANDS** this matter for further proceedings.


November 21, 2019                                                            /s/
                                                                  Charles B. Day
                                                                  United States Magistrate Judge


CBD/hjd